UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER SILENT,

                          Petitioner,

-against-

UNITED STATES OF AMERICA,

                          Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-5359 (CBA)

**AMON, Chief United States District Judge.**

## INTRODUCTION

Petitioner Christopher Silent, appearing *pro se*, filed the instant petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651 on October 31, 2011 seeking to vacate a judgment of conviction entered under docket number 94-CR-1174 (CBA). On November 17, 2011, the Court received petitioner's supplemental memorandum of law, and on January 9, 2012, the Court received a Petition for a Stay of Removal and Deportation pending the Court's consideration of the *coram nobis* petition. On January 17, 2012, the Court directed respondent to show cause why the grounds raised by Silent do not entitle him to relief. Respondent filed a response to this order on February 15, 2012, and Silent filed a reply to respondent's opposition on February 27, 2012. Respondent then filed a supplemental submission, at the Court's request, addressing the claim raised by Silent in his November 17, 2011 supplement. This was filed on March 5, 2012, and Silent replied to respondent's supplement on March 19, 2012. On March 30, 2012, Silent filed a submission notifying the Court of the Supreme Court's recent holding in Missouri v. Frye, No. 10-444, -- U.S. --, 132 S. Ct. 1399 (Mar. 21, 2012). On July 24, 2012, Silent filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A.

The Court has reviewed the above submissions, and although it grants petitioner's request to proceed *in forma pauperis*, the petition for a writ of error *coram nobis* is denied, as are Silent's motions for a stay of removal and deportation and for appointment of counsel.[1]

## BACKGROUND

On November 9, 1994, Silent was charged in an indictment with carjacking under 18 U.S.C. § 2119, and with using and carrying a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). Silent pleaded guilty to the carjacking charge on December 8, 1994 and on February 9, 1995 was sentenced by this Court to 74 months' imprisonment upon his guilty plea. See United States v. Silent, No. 94-CR-1174 (CBA). Petitioner did not appeal. Silent has served this sentence and has been released from federal custody.

On April 5, 2011, the United States Department of Homeland Security ("DHS") initiated removal proceedings against Silent. On July 14, 2011, petitioner moved to set aside his conviction pursuant to 28 U.S.C. § 2255, alleging that he "did not know that I would be subjected to deportation and I was not advised by the court or my attorney that by me pleading guilty I was exposing myself to deportation in the future." Silent v. United States, No. 11-CV-3444 (CBA), Petition at 5. That motion was denied because petitioner was no longer in federal custody. Petitioner is currently held at the Etowah County Detention Center in Gadsden, Alabama pending his removal.

---

[1] Although there is no constitutional right to counsel in a proceeding such as this, pursuant to 28 U.S.C. § 1915(e)(1), the court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *See, e.g., Thomas v. Spitzer*, No. 05-cv-5828, 2008 WL 3166655, at *2 (S.D.N.Y. Aug. 5, 2008). Where, as here, the petitioner's claim lacks merit, assignment of counsel is not warranted. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (the "threshold requirement" in deciding whether to appoint counsel under § 1915 is "whether the indigent's position seems likely to be of substance" (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986))); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989) (courts do not "perform a socially justified function when they request the services of a volunteer lawyer for a meritless case..."); *see also Health v. United States Parole Comm'n*, 788 F.2d 85, 88 (2d Cir. 1988).

## DISCUSSION

*I. Standard of Review*

A writ of error *coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). To obtain *coram nobis* relief, a petitioner must show that: (1) "there are circumstances compelling such action to achieve justice;" (2) "sound reasons exist for failure to seek appropriate earlier relief;" and (3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." See Fleming, 146 F.3d at 90.

The writ is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and ellipsis omitted); see Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992) (stating that a writ of error *coram nobis* should be granted "only where extraordinary circumstances are present"). "In reviewing a petition for the writ, this Court presumes that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." Foreman v. United States, 247 F. App'x 246, 248 (2d Cir. 2007). The Court is mindful, however, that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [submission] . . . must be held to less stringent standards than formal [submissions] drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

*II. Sufficiency of the Indictment*

Silent first challenges the sufficiency of the indictment with respect to the offense to which he pled guilty. Section 2119 provides

3

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

The carjacking count in the indictment charged

> On or about October 26, 1994, in the Eastern District of New York, the defendant, CHRISTOPHER SILENT and another, while in possession of a firearm, did knowingly and willfully take a motor vehicle, to wit: a 1990 Nissan Maxima, that had been transported, shipped and received in interstate and foreign commerce, from the person and presence of another, by force and violence and by intimidation.

Although it is not entirely clear, Silent appears to allege two separate defects with the indictment, and hence the guilty plea, in his case. First, he takes issue with the indictment's failure to charge him with possessing "the intent to cause death or serious bodily harm." Second, he argues that the indictment was deficient because it did not specify which of the three distinct carjacking offenses listed in 18 U.S.C. § 2119 he was accused of violating. He claims that these defects violate the Fifth and Sixth Amendments.

*A. Omission of Intent Element*

Silent argues that the indictment is deficient because it failed to charge him with possessing the "intent to cause death or serious bodily harm," an element of any § 2119 offense. The Court finds that because Silent has not advanced "sound reasons . . . for failure to seek appropriate earlier relief" on this claim, the claim does not entitle him to relief.

To justify the sixteen-year delay between his 1994 conviction and his petitions for relief, Silent argues that he only recently became aware of the immigration consequences of his guilty

plea. This is not a sound justification for his failure to raise this issue during the pendency of the criminal proceedings, take a direct appeal on the issue, or seek some other form of relief while incarcerated. That is so because the facts and law underlying the claim have been available at all times since Silent was indicted, see Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Thompson, 356 F.2d 216, 226 (2d Cir. 1965), and because the lengthy sentence imposed gave Silent ample incentive to raise this claim. To entertain Silent's petition "notwithstanding his unjustifiable delay would be an unwarranted infringement upon the government's interest in the finality of convictions."[2] Foont, 93 F.3d at 80.

*B. Failure to Specify § 2119 Offense*

Silent also contends that the indictment was insufficient because it failed to indicate which subsection of § 2119 he was accused of violating. Silent has arguably provided a sound justification for his delay in seeking relief on this claim. The claim largely (if ultimately unavailingly) rests upon the Supreme Court's decision in Jones v. United States, 526 U.S. 227 (1999), decided after Silent had served a majority of his prison term but before Silent was aware of the immigration consequences flowing from his conviction. As such, at least as far as Silent was aware, he had minimal incentive to seek relief at the time Jones was decided. Now aware of the consequences of his conviction, he wishes to press the claim. Even if the Court did find the claim timely, however, it is without merit.

In Jones, the Supreme Court considered whether section § 2119 "defined three distinct offenses or a single crime with a choice of three maximum penalties, two of them dependent on sentencing factors exempt from the requirements of charge and jury verdict." 526 U.S. at 229.

---

[2] The Court also notes, as respondent points out, that the plea agreement and pre-sentence report both included the intent element, and that Silent allocuted to the sort of deliberate threat that satisfies § 2119 under Holloway v. United States, 526 U.S. 1, 3 (1999). Plea Ag. ¶ 1; Plea Tr. 18-20.

The Court opted for the former interpretation, largely on the basis of the canon of constitutional avoidance. *Id.* A contrary reading, the Court explained, would force the Court to confront the grave constitutional concerns hinted at a term earlier in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 230 (1998), and addressed squarely a term later in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Jones</u>, 526 U.S. at 239-52. Accordingly, the Court held that § 2119 defined three separate offenses, one basic offense with a maximum penalty of fifteen years' imprisonment, and two aggravated offenses, one of which increases the maximum penalty to twenty-five years upon proof beyond a reasonable doubt that "serious bodily injury results," and one of which increases the maximum penalty to life upon proof beyond a reasonable doubt that "death results."[3]

Silent complains that the indictment did not indicate which of these three offenses he was accused of committing. Preliminarily, as respondent points out, there appears to be some confusion in Silent's petition resulting from, on the one hand, the Supreme Court's use of the descriptor "aggravated" in <u>Jones</u> and, on the other hand, Congress's use of the term of art "aggravated felony" in the Immigration and Nationality Act ("the Act"). In <u>Jones</u>, the Court describes § 2119(2) and § 2119(3), with their additional elements, as "separate and aggravated offenses." <u>Jones</u>, 526 U.S. at 235. Silent, it seems, has reasoned that because DHS has sought his removal on the basis of an "aggravated felony," he was either (a) convicted of § 2119(2) or § 2119(3), the "separate and aggravated" versions of carjacking, in which event he challenges the sufficiency of the indictment on the grounds that the aggravating elements were not charged, or else (b) DHS is wrong in seeking his removal on the basis of his conviction because he was convicted of only "basic" carjacking.

---

[3] <u>Jones</u> interpreted § 2119 as it existed in 1992. As noted by the <u>Jones</u> Court, however, the Violent Crime Control and Law Enforcement Act of 1994 amended the statute to add the "intent to cause death or serious bodily harm" requirement for all three subsections and expanded the maximum punishment under subsection (3) to include death. <u>Jones</u>, 526 U.S. at 230 n. 1. This amendment became effective on September 13, 1994, and is therefore the version of the statute applicable to Silent.

The flaw in this reasoning is that, under the Act, a "basic" carjacking can nevertheless be an "aggravated felony." "Aggravated felony" is defined as, among other things, "a crime of violence . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F). Violations of § 2119(1), as crimes of violence punishable by up to fifteen years' imprisonment, therefore can, and indeed often will, constitute aggravated felonies for the purposes of the Immigration and Nationality Act.

Turning to the substance of Silent's claim, it is long-established that "[a]n indictment must set forth each element of the crime that it charges." Almendarez-Torres, 523 U.S. at 228. It is clear that Silent was charged with and pleaded guilty to the basic form of carjacking under § 2119, punishable by a maximum prison term of fifteen years.[4] With the exception of the intent element discussed above (which is common to all three subsections of § 2119), the indictment charged each element of the basic carjacking offense and neither of the additional elements establishing the "aggravated" versions of the offense. And Silent pleaded guilty to the elements of the basic offense and no more, as both the plea agreement and plea colloquy make clear that his conviction exposed him to a maximum sentence of fifteen years. Plea Ag. ¶ 1; Plea Tr. 10. Put simply, Silent was charged with each element of basic carjacking, § 2119(1), pleaded guilty to only those elements, and was sentenced consistent with this charge and plea. Silent has therefore not established the constitutional deficiency of the indictment.[5]

*III. Ineffective Assistance of Counsel*

---

[4] The Court need not determine whether Jones should be applied retroactively. It is clear that Silent was not charged with, did not plead guilty to, and was not sentenced under either § 2119(2) or § 2119(3). Thus, whether these were each separate offenses with additional elements to be charged, proven, and submitted to the jury is irrelevant to determining the sufficiency of Silent's indictment for basic carjacking.

[5] To the extent Silent argues that the indictment was constitutionally insufficient for failing to label that charge § 2119(1), or for failing to point out explicitly that he was *not* charged with either § 2119(2) or § 2119(3), he has provided no authority in support these theories.

7

Silent's final claim is for ineffective assistance of counsel in violation of the Sixth Amendment. He alleges that counsel misinformed him of the immigration consequences that would flow from his guilty plea. Specifically, he claims that counsel told him that he would be eligible for a waiver under § 212(c) of the Immigration and Nationality Act, which at the time granted the Attorney General discretion not to remove certain excludable aliens. As justification for his sixteen-year delay in bringing this claim, Silent argues that he did not become aware of these immigration consequences, and hence his counsel's ineffectiveness, until DHS initiated removal proceedings in April 2011. The Court assumes that Silent's claim is timely, but concludes that he is not entitled to relief.

"To evaluate a claim that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel, [courts] use the familiar framework established in Strickland v. Washington, 466 U.S. 668 (1984)." United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (citing Hill v. Lockhart, 474, U.S. 52, 57-58 (1985)). In the plea context, the petitioner must establish that (1) "counsel's representation fell below an objective standard of reasonableness," Hill, 474, U.S. at 57 (citing Strickland, 466 U.S. at 688), and (2) "there is a reasonable probability that, but for counsel error's, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

At the time of Silent's 1994 conviction, it was the law in this Circuit that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is ... objectively unreasonable."[6] United States v. Cuoto, 311 F.3d 179, 188 (2d Cir. 2002).

---

[6] In 2010, the Supreme Court decided Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010), which held that counsel's failure to inform a criminal defendant of the immigration consequences of his plea falls below an "objective standard of reasonableness." Padilla eliminated the distinction between a failure to inform and an affirmative misrepresentation, a distinction which the Second Circuit had previously recognized. The question of whether Padilla applies retroactively is an open question in this Circuit, see Hill v. Holder, 454 F. App'x 24, 25 n. 1 (2d Cir. 2012), and the Supreme Court has recently granted certiorari on this question, see Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011), cert. granted, 132 S.Ct. 2101 (2012). Nevertheless, the Court need not stay this petition

8

Silent contends that counsel incorrectly advised him that "even if [he] encountered immigration [he] would be eligible for a 212(c) waiver." Pet. Supp. Mem. at 4. As noted above, section 212(c) granted discretion to the Attorney General to allow certain removable aliens to remain in the United States. See generally I.N.S. v. St. Cyr, 533 U.S. 289, 294-96 (2001). This discretion was subject to certain limitations. Relevant here, the Attorney General did not have discretion to exempt removable aliens "convicted of an aggravated felony who had served a term of imprisonment of at least five years." St. Cyr, 533 U.S. at 297. Because Silent's sentence upon a guilty plea was likely to be somewhere around five years—the plea agreement stated his estimated sentencing range under the U.S. Sentencing Guidelines as 51-63 months—this provision would have been implicated in plea considerations.

As respondent points out, if counsel merely advised Silent that he might possibly be eligible for a § 212(c) waiver, that advice would not have been unreasonable. This is because it was not unreasonable for counsel to believe that Silent's guilty plea could result in a sentence of less than five years. But respondent concedes that "if . . . Silent's counsel advised him that Silent would absolutely be eligible for a Section 212(c) waiver, no matter what the Court's ultimate sentence was, that would have been incorrect." Resp. Supp. Mem. 6. Such an obvious error, if it indeed occurred, falls below objective standards of reasonableness.

As respondent argues, however, Silent cannot satisfy Strickland's second prong because he cannot show a reasonable probability that, but for counsel's error, he would have rejected the plea and insisted on trial. Even under the misimpression allegedly created by counsel, Silent knew that he faced a substantial possibility of removal. The Court reiterated this during his plea

---

pending resolution of the retroactivity question. Silent's claim does not turn on the distinction between failure to inform and affirmative misrepresentation, and, in any event, his claim fails on Strickland's prejudice prong, which Padilla left unaltered, Yong Wong Park v. United States, 441 F. App'x 18, 20 (2d Cir. 2011).

Neither must the Court consider whether the Supreme Court's recent decision in Missouri v. Frye, 132 S. Ct. 1399 (2012), applies retroactively to Silent. That case, which addressed the ineffective assistance of counsel claim of a petitioner who was not informed of a plea offer and was later convicted, is inapposite.

colloquy. Plea Tr. at 12. What Silent purportedly did not know was that there was some indeterminate possibility that the Court would impose a sentence that would render him ineligible for § 212(c) relief, and hence subject to mandatory, rather than discretionary, removal. In other words, Silent understood the risk of removal to be a function only of his chances for § 212(c) relief, when accurate advice would have led him to account for the additional possibility that he would not be able to apply for § 212(c) relief at all. At most this may have led Silent to a slightly deflated estimate of the risk of removal. It thus strikes the Court as highly unlikely—particularly given the complexities of criminal sentencing and immigration law—that correct advice would have altered the calculus underlying the plea bargain enough to cause Silent to reject the plea.

As the above makes clear, this is distinguishable from the paradigmatic case in which counsel's incorrect advice led a defendant to believe that removal was a mere possibility when correct advice would have informed the defendant that it was a virtual certainty. In those circumstances, it makes sense that a defendant might reject certain removal and take his chances at trial. But that inference is not reasonable here, and Silent has provided absolutely no independent reason to believe that had he known of the possibility that he might receive a sentence foreclosing § 212(c) relief, he would have risked trial, as well as the increased sentence and certain deportation that would have come with it. "[C]onclusory allegations that a defendant would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under Strickland." See Scott v. Superintendent, Mid-Orange Corr. Facility, No. 03-cv-6383, 2006 WL 3095760, *9 (E.D.N.Y. Oct. 31, 2006); Zhang v. United States, 543 F. Supp. 2d 175, 184-85 (2008). Silent secured a very favorable plea agreement in which a count carrying a mandatory consecutive five year term was dismissed. Moreover, Silent has not given the Court

the slightest pause as to his guilt (in fact, he concedes it) or whether that guilt would have been established at trial. See Herrera v. Hynes, No. 08-cv-1651, 2008 WL 5068608, *3 (E.D.N.Y. Nov. 21, 2008) (without "evidence showing why [petitioner] would have risked a trial when the likely outcome was both exposure to deportation *and* a substantial, preceding custody term" petitioner cannot demonstrate prejudice (emphasis in original)). Accordingly, he has not established that he suffered prejudice from counsel's alleged error, and his ineffective assistance of counsel claim fails.

## CONCLUSION

For the above reasons, the petition for a writ of error *coram nobis* is denied. Silent's motions for a stay of removal and deportation and for appointment of counsel are likewise denied. The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 19, 2012
       Brooklyn, N.Y.

                                          S/Chief Judge Amon
                                          Carol Bagley Amon
                                          Chief United States District Judge